UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIRANDA DOXZON, | : | **1:20-CV-00236** |
| | : | |
| Plaintiff, | : | (Chief Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF HUMAN | : | |
| SERVICES OF THE | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al*., | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM ORDER</u>
July 1, 2020

Upon consideration of Plaintiff Miranda Doxzon's Motion for a Temporary

Restraining Order, it is hereby **ORDERED** as follows:

1. Ms. Doxzon's Motion for a Temporary Restraining Order (*doc. 35*) is

**GRANTED** based on the following findings:

    a.  Ms. Doxzon is enrolled in Defendant DHS's Medical Assistance

program and the home and community-based services waiver Community

HealthChoices ("CHC") and is entitled to receive certain services in the

community, which is the least restrictive setting appropriate to her needs.

    b.  Defendants are required to provide certain services to Ms. Doxzon.

c.  Many of these services are not being offered or provided as required.

d.  Ms. Doxzon is at imminent risk of institutionalization and/or homelessness.

e.  Ms. Doxzon is likely to succeed on her claims that Defendants DHS and Secretary Miller, in her official capacity, have violated and continue to violate Title XIX of the Social Security Act, 42 U.S.C. §§ 1396, *et seq.*, the Americans With Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 795(a) by failing to provide her with the services she needs to live in the community.

f.  Absent the issuance of the requested temporary restraining order, Ms. Doxzon will suffer irreparable harm and be at imminent risk of institutionalization and/or homelessness, which is particularly concerning in the midst of a pandemic.

g.  The balance of equities and public interest also support issuance of a temporary restraining order.  The harm to Ms. Doxzon in not issuing the requested injunctive relief far outweighs any conceivable harm to Defendants.  The public interest is served by the state's fulfilling its obligations to its most vulnerable citizens.

2.  Defendants have been provided with notice of these issues by way of the Complaint and Amended Complaint, the pending motion for preliminary injunction, and multiple conferences with the Court, including communications with the Court and between counsel on June 30, 2020 regarding the particular issues raised in connection with the instant motion. In addition, Defendants were provided with notice of the instant motion and a copy by email. Although the defendants received notice, given the emergency nature of Ms. Doxzon's situation, there was not time for the defendants to brief the issues or for the court to hold a hearing. Thus, we are issuing this Order without input from the defendants.

3.  This Order promptly shall be filed in the clerk's office and entered in the record.

4.  A temporary restraining order shall issue as follows:

a.  By 5:00 p.m. July 2, 2020, Defendant DHS and Defendant Miller shall provide Ms. Doxzon with round-the-clock aide services in a safe, wheelchair accessible, community-based location acceptable to Ms. Doxzon in the Philadelphia area.

b.  By 5:00 p.m. July 2, 2020, Defendants shall transport Ms. Doxzon to the location.

c.  By 3:00 p.m. July 2, 2020, Defendants' counsel shall advise Ms. Doxzon's counsel as to the name and address of the location and the names

of the personal assistants who will provide Ms. Doxzon her with personal assistant services.

      d.  Under no circumstances shall Ms. Doxzon be sent to a congregate care setting, including a nursing facility, shelter or other facility or institution that has multiple people in a single bedroom.

      e.  In addition to the aides, Defendants shall ensure that all requested transportation and adequate food is available to Ms. Doxzon during this temporary placement.

      5.  This Order shall expire 14 days after it is entered, unless before that time the Court, for good cause, extends the Order.

      6.  Bond is waived.  It would impose a significant hardship to impose a bond on Ms. Doxzon.  This case implicates important federal civil rights under the ADA and Rehabilitation Act.

      7.  The Court shall conduct a telephone status conference with the parties on July 6, 2020 at 9:00 a.m.  Prior to this conference call, the defendants shall respond to Ms. Doxzon's most recent settlement demand.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge